IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

        Petitioner,

v.                                          Case No. 20-3226-JWB

SHANNON MEYER, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

Before the court is Petitioner's petition for writ of habeas corpus (Doc. 1), the clerk's notice to Petitioner of deficiencies in his petition (Doc. 2), and Petitioner's response to the notice of deficiencies. (Doc. 3.) For the reasons stated herein, Petitioner is granted until November 20, 2020, to file an amended petition on the appropriate court-approved form and to submit the statutory $5 filing fee or a motion to proceed in forma pauperis ("IFP"). If Petitioner fails to do so, his petition will be dismissed without prejudice.

**I. Background**

Petitioner initiated this case by filing a "Freestanding Constitutional Writ of Habeas Corpus." (Doc. 1.) The petition indicates Petitioner was convicted in Case No. 16-cr-2867 in Sedgwick County, Kansas, of the offenses of solicitation, attempted criminal sodomy, and failure to register as a sex offender, for which he is currently incarcerated at Lansing Correctional Facility. (*Id.* at 1.) Petitioner asserts he is factually innocent of the offenses and that his convictions were obtained in violation of the United States Constitution. (*Id.*) He seeks "relief from convictions" and "immediate release from unlawful confinement." (*Id.* at 3.)

The petition also complains of the dismissal of Petitioner's prior complaint in *Justice v. Kansas,* No. 16-3215-DDC (D. Kan.). It alleges that Judge Crabtree's rulings on the claims in that case, which overlapped in part with the claims in this case, deprived Petitioner of due process of law and resulted in "a void judgment." (*Id.* at 2.)

After the instant petition was filed, the clerk of the court issued a notice at the direction of the Hon. Sam A. Crow informing Petitioner his petition was deficient in two respects. First, the petition was not submitted upon a court-approved form as required by D. Kan. R. 9.1(a). (Doc. 2 at 1.) Second, Petitioner had not paid the filing fee of $5 or submitted a motion to proceed in forma pauperis ("IFP"). (*Id.*) The notice gave Petitioner 30 days to correct these deficiencies and warned him that if he failed to do so the case could be dismissed without further notice.

In response, Petitioner alleges that the clerk is depriving him of due process by directing him to use a court-approved form and pay a filing fee or file an IFP motion. (Doc. 3 at 1.) He contends the relevant facts are "already in my first filing" and he has provided "more-than-ample constitutional authority that nullifies and voids 'filing fees.'" (*Id.* at 1-2.)

**II. Analysis**

A. <u>Requirement for the use of court-approved forms</u>. The local rules of this court provide that petitions for writ of habeas corpus under 28 U.S.C. § 2254 "must be on forms approved by the court." D. Kan. R. 9.1(a). This is consistent with the rules governing § 2254 cases, which similarly provide that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district court rule." Rule 2, *Rules Governing Sec. 2254 Cases*.

Petitioner contends he is not required to use the form (despite having been provided one by the clerk) because his habeas corpus petition "is non-statutory – it is constitutional." (Doc. 3 at 1.) But Congress' authority to place limits on habeas corpus claims under 28 U.S.C. § 2254 has

been acknowledged by the Tenth Circuit. *See e.g., Murrell v. Crow,* 793 F. App'x 675, 679 (10th Cir. 2019) (citing *Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998)). And requiring a claimant to use an approved form does not suspend or render inadequate the habeas remedy provided in section 2254. *Cf. id.* (noting that if a limitations period rendered the habeas remedy inadequate and ineffective, it might raise constitutional questions.) Moreover, even assuming for the sake of argument that Petitioner's "freestanding" claim is not one filed under section 2254, as he argues, "the district court may apply any or all [of the rules governing section 2254 proceedings] to a habeas corpus petition not covered by" those rules. Rule 1, *Rules Governing Sec. 2254 Cases.*

The court-approved form aids the court by requiring petitioners to set forth each individual claim, the supporting facts, and the facts relating to exhaustion. Petitioner's failure to use the form prevents this court from readily determining the basis of his claims and whether they have been properly exhausted. *See Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007) ("By failing to use the form supplied by the court, Petitioner stymied the district court's effort to comprehend Petitioner's claims, and dismissal for that failure was warranted.")

Petitioner's response challenges the clerk's authority to direct him to use the court-approved form. It does not expressly state whether Petitioner is willing to use the form in light of this court's determination that the form is required. The court is reluctant to dismiss a habeas petition based on a procedural deficiency where the defect can be easily and promptly remedied. Accordingly, and based on the foregoing discussion, the court grants Petitioner until November 20, 2020, to submit his petition on the form required by the rules. If he fails to do so, his current petition will be dismissed without prejudice. *See id.* ("While we liberally construe pro se petitions, … those petitions must still comply with the minimal requirements of local rules….") *See also*

*Brennan v. United States*, No. CV 15-3059-KHV, 2016 WL 129304, at *1 (D. Kan. Jan. 11, 2016), aff'd, 646 F. App'x 662 (10th Cir. 2016).

      B.  <u>Payment of fee/motion to proceed IFP</u>.   Petitioner is likewise granted until November 20, 2020, to either pay the statutory filing fee of $5 or submit a motion to proceed IFP in accordance with 28 U.S.C. § 1915(a)(1) and (a)(2).  Contrary to Petitioner's argument, the fee requirements of the Prison Litigation Reform Act (PLRA) do not deprive him of due process or impermissibly take away his right to seek relief.  "Courts have considered a variety of challenges to the constitutionality of [the PLRA imposing a filing fee] and have uniformly concluded that the provisions pass constitutional muster."  *Justice v. Brownback,* 2018 WL 3377095, *8 (D. Kan. July 11, 2018) (quoting *Shabazz v. Parsons,* 127 F.3d 1246, 1248 (10th Cir. 1997)).  "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state."  *Shabazz*, 127 F.3d at 1248–49.  Refusal to take these steps will likewise result in the dismissal without prejudice of the instant case.  *See Eric v. Kansas*, No. 19-4083-SAC, 2019 WL 5787950, *2 (D. Kan. Nov. 6, 2019) ("The court finds that this action must be dismissed pursuant to Rule 41(b) because the plaintiff has failed to pay a filing fee required by § 1914, refused to comply with the ifp requirements of § 1915(a), and failed to show cause why this action should not be dismissed without prejudice.")

      **III. Conclusion**

Petitioner is granted until November 20, 2020, to file his habeas petition on the court-approved form for such claims.  Petitioner is also granted until November 20, 2020, to either pay the statutory filing fee of $5.00 or submit a motion to proceed in forma pauperis in accordance

with 28 U.S.C. § 1915.  Failure to take either of these steps will result in the dismissal of this action without prejudice.

    IT IS SO ORDERED this 15th day of October, 2020, at Wichita, Ks.


                                        _____s/ John W. Broomes_____
                                        JOHN W. BROOMES
                                        UNITED STATES DISTRICT JUDGE