IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

        Petitioner,

v.                                                Case No. 20-3226-JWB

SHANNON MEYER, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

The court previously granted Petitioner until November 20, 2020, to file his habeas corpus claim on a court-approved form and to pay the required filing fee or submit a motion to proceed in forma pauperis (IFP). (Doc. 5.) Because Petitioner has failed to do either of these things, his petition for writ of habeas corpus (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

By way of background, on September 9, 2020, Petitioner filed a document entitled "Freestanding Constitutional Writ of Habeas Corpus." (Doc. 1.) At the direction of the then-presiding judge, the clerk of the court notified Petitioner his filing was deficient because it was not submitted on a court-approved form, as required by the court's rules, and because Petitioner failed to pay the statutory filing fee or submit a motion to proceed in forma pauperis. (Doc. 2.) The notice gave Petitioner 30 days to correct the deficiencies and warned him the judge might dismiss his case if he failed to comply. (*Id.* at 1.) Instead of complying, Petitioner filed a response challenging the authority of the court to require the use of habeas forms or to impose a filing fee or require an IFP motion. (Doc. 3.)

Notwithstanding this failure, the court entered a Memorandum and Order rejecting Petitioner's arguments and granting him until November 20, 2020, to meet the stated requirements. (Doc. 5.) Petitioner again failed to comply. Instead, he has filed three additional responses challenging the court's authority to enforce such requirements. One response asks "that the Superior Judge to Broomes, Chief Judge Julie A. Robinson, under Res[p]ondeat Superior, … determine the validity of my complaint" about the order. (Doc. 6 at 1.) The statutes and rules governing review of orders by this court, however, do not allow other district judges in the same court to sit as a court of appeals. A second response again argues Petitioner cannot be made to use the forms or pay a fee. (Doc. 7.) A third response challenges various rulings (in this case and others) and requests a "[status] update" and "immediate due process hearing." (Doc. 8 at 1.)

The court already explained (Doc. 5) why use of the court-approved form and the payment of a fee, or alternatively the filing of an IFP motion, is required. *See Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007) ("By failing to use the form supplied by the court, Petitioner stymied the district court's effort to comprehend Petitioner's claims, and dismissal for that failure was warranted."); *Eric v. Kansas*, No. 19-4083-SAC, 2019 WL 5787950, *2 (D. Kan. Nov. 6, 2019) ("The court finds that this action must be dismissed pursuant to Rule 41(b) because the plaintiff has failed to pay a filing fee required by § 1914, refused to comply with the ifp requirements of § 1915(a), and failed to show cause why this action should not be dismissed without prejudice.") Petitioner has been given more than adequate opportunity to comply with the requirements and has been given clear notice of the consequences of not meeting the requirements.

3

Petitioner's "Freestanding Constitutional Writ of Habeas Corpus" (Doc. 1) is DISMISSED WITHOUT PREJUDICE.  The clerk is directed to enter judgment accordingly and to close the case.

Dated this 24th day of November, 2020.

\_\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE